Filed 7/22/26  In re N.O. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.O., et al., Persons Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>E.R.,<br><br>　　　Defendant and Appellant. | A174936<br><br>(Alameda County Super. Ct. Nos. JD 03967801, JD 03967901, JD 03968101, JD 03968201) |

E.R. (mother) appeals the juvenile court's order declaring her children, N.O., M.O., T.O., and L.O., dependents and removing them from her custody. She argues the orders must be reversed because the Alameda County Social Services Agency (Agency) and the court failed to conduct an adequate inquiry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq., ICWA; Welf. & Inst. Code, § 224.2, undesignated statutory references are to this code).  We dismiss the appeal as premature because the court has not yet made any ICWA finding.

**BACKGROUND**

In June 2025, the Agency filed a juvenile dependency petition on behalf of mother's children, alleging they were at substantial risk of serious physical

harm due, in part, to their parents' failure to provide adequate food, clothing, shelter, or medical treatment, and allegations of physical abuse. Upon inquiries from the social worker, mother and father denied any Native American ancestry.[1] But mother also filed a Parental Notification of Indian Status form stating that she was or may be a member of a federally recognized, but unknown, tribe. A maternal cousin represented that her family had Native American ancestry through the "Blackfoot" tribe. Similarly, paternal grandmother stated the family was " 'Indian' " based on her mother's and grandmother's representations. She noted that her mother and uncle may have more information related to that ancestry. The social worker later contacted paternal great-grandmother, who denied awareness of Native American ancestry. And the social worker was in the process of obtaining the great uncle's contact information.

The Agency mailed notices to the Bureau of Indian Affairs, Eastern Band of Cherokee Indians, United Keetoowah Band of Cherokee Indians, Cherokee Nation, Blackfeet Tribe of the Blackfeet Indian Reservation of Montana; the notices listed the names and information for the children, mother, and father. A written response from Eastern Band of Cherokee Indians stated that M.O., T.O., and N.O., were not registered or eligible to register as members of the tribe. And the United Keetoowah Band of Cherokee Indians replied that the children were not eligible for membership. The Cherokee Nation also responded that the children and parents were not in the tribal records.

---

[1] Like one of the children, father's initials are L.O. To avoid confusion, and meaning no disrespect, we simply refer to him as father. We use the term "Native American" when not referencing statutory terms.

2

After a contested jurisdiction and disposition hearing, the juvenile court declared the children dependents and removed them from parents' custody. The court ordered mother and father to provide the names, residences, and other identifying information of the children's maternal or paternal relatives. The Agency did not request — and the court did not make — any ruling regarding the adequacy of the ICWA inquiry or any other ICWA findings.

## DISCUSSION

ICWA is intended to "promote the stability and security of Indian tribes and families" by establishing minimum standards for "removing Indian children from their families and placing them in foster care or adoptive homes." (25 U.S.C. § 1902; *In re Dezi C.* (2024) 16 Cal.5th 1112, 1129.) Courts and child welfare agencies have "an affirmative and continuing duty to inquire whether a child" is "or may be an Indian child" — defined as either a member of an Indian tribe or eligible for membership in an Indian tribe and is the biological child of an Indian tribe member — in dependency cases. (§ 224.2, subd. (a); 25 U.S.C. § 1903(4).) This duty includes, but is not limited to, "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child" whether the child is or may be an Indian child. (§ 224.2, subd. (b).) "[O]nce there is reason to know a child is an Indian child, the juvenile court must find ICWA applies and 'treat the minor as an Indian child unless and until it determines that ICWA does not apply.'" (*Dezi C., supra*, 16 Cal.5th at p. 1133; § 224.2, subd. (i)(1).) Alternatively, the court may find "an agency's inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child, so ICWA does not apply." (*Dezi C.*, at p. 1134.)

Mother insists the juvenile court and Agency's ICWA inquiries are inadequate, requiring reversal of the jurisdictional and dispositional orders on that basis. But the court did not make any ruling at or before the jurisdictional and dispositional hearing regarding ICWA's applicability. Thus, the ICWA issue is not "sufficiently concrete to allow judicial resolution even in the absence of a precise factual context" — that is, it is not ripe for review. (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, 461 [petition premature where juvenile court made no final ICWA ruling at or before the challenged hearing].) In the absence of "ripeness," there is no current controversy to address. (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) We will not entertain " 'an action not founded upon an actual controversy between the parties to it.' " (*Ibid.*) This is particularly important here, where the ICWA inquiry is ongoing — the court ordered mother and father to provide information regarding their relatives — and "any perceived deficiencies with ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings." (*J.J.*, at p. 461.)

## DISPOSITION

The appeal is dismissed.

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

TUCHER, P. J.


_____

PETROU, J.


A174936; *In re N.O. et al.*